USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
RUDI RIVAS, DIN 94-A-7115,                :
                       Petitioner,        :    02 Civ. 6778 (DLC)
                                          :
        -v-                               :          ORDER
                                          :
IMMIGRATION AND NATURALIZATION SERVICE,   :
                       Respondent.        :
                                          :
-----------------------------------------X

DENISE COTE, District Judge:

By Opinion and Order dated January 24, 2003, the
plaintiff's petition for a writ for habeas corpus was denied and
the stay of plaintiff's removal, previously entered on October
22, 2002, was vacated. On February 4, 2010, plaintiff filed two
motions: (1) for reconsideration of that Opinion and Order; and
(2) for the appointment of counsel. Plaintiff's application for
the appointment of counsel was denied without prejudice in an
Order dated March 11, 2010. A separate Order also dated March
11 set a briefing schedule for the motion for reconsideration.
Defendant Immigration and Naturalization Service ("INS")
submitted a letter brief dated April 1, 2010. In a submission
dated April 5, 2010, and received in Chambers on April 9, 2010,
plaintiff requests: (1) a stay of his order of deportation, (2)
the appointment of counsel, and (3) if counsel is not appointed,
a thirty-day extension to file his reply on his pending motion
for reconsideration, which is currently due on April 29.

The REAL ID Act of 2005, enacted May 11, 2005, amended the Immigration and Nationality Act of 1952 as follows: "Exclusive Means of Review.  Notwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . . ."  Pub L. No. 109-13, 119 Stat. 231, 310-11, § 106(a)(1)(B)(5) (codified at 8 U.S.C. § 1252).  These provisions shall "apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this Act."  Id. § 106(b).  The REAL ID Act thereby "strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation."  De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 615-16 (2d Cir. 2007).  Furthermore, a district court may only transfer a habeas petition to the appropriate Court of Appeals if the petition was pending at the time the Real ID Act was enacted. Id. at 617.  Rivas's petition for a writ of habeas corpus was denied on January 24, 2003, and the case was closed on January 31, 2003.  Because the REAL ID Act divests this Court of jurisdiction to entertain plaintiff's motions, it is hereby

ORDERED that plaintiff's February 4 and April 7 motions for reconsideration and for a stay of removal are dismissed for lack

2

of subject matter jurisdiction.  The Clerk of Court shall close
the case.

          SO ORDERED:

Dated:     New York, New York
           April 16, 2010

                                    _____
                                         DENISE COTE
                                    United States District Judge

COPIES SENT TO:


Rudi Rivas                                Sue Chan
#94-A-7115                                Assistant U.S. Attorney
Sullivan Correctional Facility            U.S. Attorney's Office
P.O. Box 116                              100 Church Street
Fallsburg, NY 12733                       New York, New York 10007